Paul Applebaum
**APPLEBAUM LAW FIRM**
First National Bank Building
332 Minnesota Street, Suite W-1610
St. Paul, Minnesota 55101
Telephone: (651) 222-2999
Facsimile: (651) 223-5179
paulpapple@hotmail.com

Christina N. Valacich
**VALACICH LAW OFFICE**
PO Box 190265
Hungry Horse, MT 59919
Telephone: (406) 862-8888
Facsimile: (406) 387-4292
cvalacich@gmail.com

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| ALFRED JOHN HAFLICH, | Cause No: CV-09-161-M-DWM-JCL |
| Plaintiff, | |
| v. | **COMPLAINT AND JURY DEMAND** |
| OFFICER ROBERT MCLEOD, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES, AND THE CITY OF TROY POLICE DEPARTMENT, | |
| Defendants. | |

## INTRODUCTION

Plaintiff, by and through his attorneys, Paul Applebaum and Christina Valacich, state and allege as follows:

1. This is an action for money damages for injuries sustained by Plaintiff Alfred John Haflich as a result of the violations of his clearly established rights under the Constitution of the United States by Defendants Officer Robert McLeod and the City of Troy.

## JURISDICTION AND VENUE

2. Plaintiffs bring this action pursuant to 42 U.S.C. §§ 1983 and 1988, the Fourth and Fourteenth Amendments to the Constitution of the United States and 28 U.S.C. §§ 1331 and 1343(3). These statutory and constitutional provisions confer federal question jurisdiction upon this Court.

3. Pursuant to 28 U.S.C. § 1367(a), this Court also has supplemental jurisdiction over Plaintiff's Montana state law claims as they arise from the same common set of facts and constitute the same case or controversy.

4. Because all of the facts complained of arose in the State of Montana, this action properly lies in the District of Montana.

5. Venue is proper in the District of Montana under both 28 U.S.C. § 1391(b)(1) (because all Defendants reside within this district) and 28 U.S.C. § 1391(b)(2) (because all of the events giving rise to Plaintiff's claims occurred in this district).

## PLAINTIFF

6. At all times relevant to this action, Plaintiff was and is a citizen of the United States of America and a citizen and resident of the State of Montana.

## DEFENDANTS

7. At all times relevant to this action, Defendant Officer Robert McLeod was employed by and acting, under color of law, on behalf of the City of Troy.

8. At all times relevant to this action, Defendant City of Troy Police Department was and is a duly incorporated municipal corporation and the employer and principal of the Defendant Officer Robert McLeod and his Supervisors.

## FACTUAL ALLEGATIONS

Plaintiff re-alleges paragraphs 1-8 and further states:

9. On November 23, 2007, Plaintiff Haflich was arrested for D.U.I. in the City of Troy by Defendant McLeod.

10. While handcuffed and seated in the back of Defendant McLeod's squad car, Plaintiff Haflich repeatedly and loudly asked that Defendant McLeod not tow Plaintiff's car as it was lawfully parked on the side of the road.

11. When the tow truck arrived Plaintiff Haflich again raised his voice and used profanity to communicate to Defendant McLeod that Plaintiff's car was lawfully parked and that Plaintiff did not want his car towed.

12. Although Plaintiff Haflich was loud, he never threatened Defendant McLeod, made any threatening movements towards or presented any reasonable appearance of posing a threat of physical harm to Defendant McLeod.

13. Defendant McLeod then walked to the rear door of his squad car opened it and used his X26 Taser to punish Plaintiff Haflich for protesting the towing of his car.

## COUNT 1 – VIOLATION OF 42 U.S.C. § 1983: EXCESSIVE FORCE

Plaintiff re-alleges paragraphs 1-13 and further states:

14. Defendant McLeod violated Plaintiff Halfich's Fourth Amendment right to be free from excessive force when Defendant tazed Plaintiff on November 23, 2007.

15. Defendant McLeod's use of a Taser to punish Plaintiff Haflich constitutes excessive and unlawful force because no reasonable officer could have believed that Plaintiff Haflich posed a physical threat, was resisting or attempting to resist arrest, had committed a serious crime, was a flight risk, or that that such use of force was in any other way reasonable.

16. As a direct and proximate result of Defendant McLeod's unreasonable use of excessive force, Plaintiff was damaged. To wit, Plaintiff suffered physical pain, permanent scaring on his body and mental anguish.

17. Defendant City of Troy is jointly and severally liable for the actions of the individual Defendant McLeod under the doctrines of agency and *Monell*.

Plaintiff demands relief as set forth below.

## COUNT 2 - VIOLATION OF 42 U.S.C. § 1983: *MONELL* CLAIM

Plaintiff re-alleges paragraphs 1-17 and further states:

18. Defendants City of Troy implicitly or explicitly, through deliberate indifference and/or tacit authorization and with notice, did allow the continued and widespread existence of unconstitutional policies, customs, or practices that resulted in, *inter*

*alia*, a breakdown of communication, process, supervision, training, maintenance, ethics and/or hiring that were the 'moving force' behind, or the proximate cause of, the deprivation of Plaintiffs' Constitutional Rights as guaranteed by the Fourth and Fourteenth Amendments to the Constitution of the United States.

19. Therefore, Defendant City of Troy is jointly and severally liable for the actions of the individual Defendant McLeod under the doctrines of agency and *Monell*.

Plaintiff demands relief as set forth below.

## COUNT 3 – ASSAULT AND BATTERY

Plaintiff re-alleges paragraphs 1-19 and further states:

20. On November 23, 2007, Defendant McLeod intended to create reasonable fear and cause harmful contact with Plaintiff Haflich by using a Taser to punish Plaintiff Haflich.

21. Defendant McLeod did cause harmful contact with Plaintiff Haflich by tazing him.

22. As a direct and proximate result of the assault of battery of Plaintiff by Defendant, Plaintiff has suffered physical and emotional damages.

23. Defendant City of Troy is jointly and severally liable for the actions of Defendant McLeod under the doctrines of agency and *respondeat superior*.

Plaintiff demands relief as set forth below.

## PRAYER FOR RELIEF

Plaintiff prays for judgment and relief as follows:

   a. Awarding Plaintiff compensatory damages against the Defendants, each of them, jointly and severally, in excess of $75,000.00; and

5

b. Awarding Plaintiff punitive damages such as the Court and the Jury may deem just and equitable; and

c. Awarding Plaintiff all his costs and disbursements, including reasonable attorney's fees as allowed by law, including 42 U.S.C. § 1988; and

d. Granting such other relief as the Court may deem just and equitable.

## JURY DEMAND

Plaintiff demands trial by jury.

Dated: May 7, 2010.

Respectfully Submitted,

s/ Paul Applebaum
Paul Applebaum
**APPLEBAUM LAW FIRM**
First National Bank Building
332 Minnesota Street, Suite W-1610
St. Paul, Minnesota 55101
Telephone: (651) 222-2999
Facsimile: (651) 223-5179
paulpapple@hotmail.com

s/ Christina Valacich
Christina N. Valacich
**VALACICH LAW OFFICE**
PO Box 190265
Hungry Horse, MT 59919
Telephone: (406) 862-8888
Facsimile: (406) 387-4292
cvalacich@gmail.com

*Attorneys for Plaintiff*