

FILED

SEP 0 7 2010

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| ALFRED JOHN HAFLICH, | ) | CV 09-161-M-DWM-JCL |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| OFFICER ROBERT MCLEOD, in his official and individual capacities, and THE CITY OF TROY POLICE DEPARTMENT, | ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

Plaintiff Alfred Haflich brought this action alleging Defendant Robert McLeod is liable under 42 U.S.C. § 1983 for excessive use of force in violation of Haflich's Fourth Amendment rights. McLeod filed a motion for summary judgment on the ground that he is entitled to qualifed immunity from liability.

1

Pursuant to 28 U.S.C. § 636(b), the matter was referred to Magistrate Judge Lynch, who issued Findings and Recommendation on August 2, 2010, recommending that McLeod's motion be denied. McLeod timely objected to the Findings and Recommendation on August 18, 2010, and is therefore entitled to *de novo* review of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). Despite McLeod's objections, I agree with Judge Lynch's analysis and conclusions. Because the parties are familiar with the factual and procedural background, it will not be restated here.

I

In his summary judgment motion, McLeod argued the law surrounding the use of a Taser is not clearly established and thus he is entitled to qualified immunity because his conduct did not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Judge Lynch agreed with McLeod's characterization of the law applicable to the use of a Taser, but noted "[i]t is not necessary that the alleged acts have been previously held unconstitutional, as long as the unlawfulness [of defendant's action] was apparent in light of preexisting law." Sorrels v. McKee, 290 F.3d 965, 970 (9th Cir. 2002) (quoting Malik v. Brown, 71 F.3d 724, 727 (9th Cir. 1995)). Judge Lynch then noted the law clearly

2

establishes "where there is no need for force, <u>any</u> force used is constitutionally unreasonable." <u>Headwaters Forest Defense v. Country of Humboldt</u>, 240 F.3d 1185, 1199 (9th Cir. 2000) (emphasis in original), vacated on other grounds, <u>Country of Humboldt v. Headwaters Forest Defense</u>, 534 U.S. 801 (2001). Considering Haflich was "unarmed, handcuffed with his hands behind his back, and seat belted sitting in the rear seat of McLeod's patrol car," Judge Lynch concluded that McLeod had "fair notice that the use of force, in the absence of evidence justifying any need for force, was unconstitutional." Findings and Recommendation 15, 25. Judge Lynch also applied the factors laid out in <u>Graham v. Conner</u>, 490 U.S. 386 (1989), and determined, viewing the facts in the light most favorable to Haflich, that a fact finder could find McLeod violated Haflich's right to be free from excessive use of force.

## II

### a.

McLeod first objects to Judge Lynch's conclusion that the constitutional right at issue was clearly established. McLeod reiterates his argument that the law regarding the use of a Taser was not clearly established at the time the incident occurred, and that Judge Lynch failed to analyze whether the consitutional right was clearly established "in light of the specific context of the case." <u>Saucier</u>, 533

3

U.S. at 201. He thus argues the law is unclear whether it is unconstitutional "to deliver one drive-stun with his Taser" to Haflich. Def.'s Objections 3. The objection is not well taken. The constitutional issue is not limited to whether McLeod could deliver one drive-stun with his Taster, but instead whether he could use force against Haflich in the absence of the need to do so. The law is clearly established that he could not, see Headwaters Forest Defense, 240 F.3d at 1199, and McLeod cannot evade this conclusion simply because the Ninth Circuit has not held so much in regards to the specific implement of force used in this case.

In the same vein, McLeod argues Ninth Circuit law does not hold that an official violates the Fourth amendment by using force against a restrained suspect. In support, he quotes Brooks v .City of Seattle: "[w]here police have control over a suspect, the use of force to bring the suspect under control may be unreasonable." 599 F.3d 1018, 1025 (9th Cir. 2010). Thus, McLeod contends the use of force on a restrained suspect may be reasonable. He ignores, however, that Brooks also makes clear that "force must be necessary to be reasonable," and viewing the facts in favor of Haflich force was not necessary in this case.[1]

---

[1] McLeod also cites two cases for the proposition that he could use force against Haflich even if Haflich did not threaten him. Th cases he cites, however, involved instances where the use of force was necessary for other reasons. See Forrester v. City of San Diego, 25 F.3d 804 (9th Cir. 1994) (using force to effect arrest); Beberle v. City of Anaheim, 901 F.2d 814 (9th cir. 1990) (using force during investigatory detention during a "potentially dangerous situation").

4

Haflich was restrained at the time McLeod used force against him. The fact that Haflich was also intoxicated and belligerent does not justify the use of force against him. I agree with Judge Lynch that viewing the case in Haflich's favor there is no evidence justifying the use force, and as such McLeod's use of a Taser on Haflich while handcuffed and seat belted in the back seat of a patrol car violated Haflich's clearly established right to be free from excessive use of force.

**b.**

Next, McLeod objects that Judge Lynch should not have addressed the Graham factors to determine whether Haflich's constitutional rights were violated. This objection is based on McLeod's presumption that there is no clearly established constitutional right involved in this case. Because the Court agrees with Judge Lynch that there is a clearly established constitutional right involved, this objection is denied.

**c.**

Finally, McLeod objects to Judge Lynch's application of the Graham factors. He first argues that Judge Lynch wrongly deemed the nature of the severity of Haflich's crimes as irrelevant. He insists that the fact that Haflich was arrested for felony driving under the influence and theft shows "a grave lack of judgment and respect for the law." Def.'s Objections 8. Thus, McLeod contends

5

it was reasonable for him to believe force was necessary in light of Haflich's demonstrated "lack of judgment." Id. There are two problems with this argument. First, this logic would apply to and justify the use of force on nearly all arrestees. Second, the objection does not address the essence of Judge Lynch's point. Haflich was already in custody and physically restrained. The nature of his suspected crimes gave the officer no reason to believe force was justified after Haflich was in custody.

McLeod also argues Judge Lynch wrongly found Haflich's behavior did not present a threat to his safety. McLeod points out that his ability to communicate with dispatch was interrupted, and as such he was unable to inform dispatch where he was en route to, what his mileage was, or request that Haflich's wife be notified of his arrest. McLeod frames the failure to communicate these things as interference with his ability to "perform the duties of his job." Id. at 9. McLeod fails to explain how this interference amounts to an "immediate threat" to his safety. Graham, 490 U.S. at 396. These communications are administrative in nature, and on their own do not show an immediate threat to the officer's safety.

Last, McLeod takes exception to the Findings and Recommendation noting that the use of force was unnecessary because Haflich was already physically constrained and ready to be transported to jail. McLeod argues that he is not

6

required to use the least intrusive degree of force. While true, this does not mean he can use force when, based on the record viewed in the light most favorable to Haflich, none was necessary.

I find no clear error in Judge Lynch's remaining findings and recommendations.

### III

In accordance with the foregoing,

IT IS HEREBY ORDERED that the Findings and Recommendation (dkt #61) are adopted in full;

IT IS FURTHER ORDERED that Defendant McLeod's Motion for Summary Judgment (dkt #26) is DENIED.

Dated this ___ day of September, 2010.

Donald W. Molloy, District Judge
United States District Court