IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

_____

ALFRED JOHN HAFLICH,

                  Plaintiff,

      vs.

OFFICER ROBERT MCLEOD, In his
official and individual capacities, and
THE CITY OF TROY POLICE
DEPARTMENT,

                  Defendants.

CV 09-161-M-DWM-JCL

ORDER

_____

## I.    Introduction

Plaintiff Alfred Haflich prosecutes this action under 42 U.S.C. § 1983 against Defendant Robert McLeod, a police officer with the City of Troy, Montana. Haflich claims McLeod used unreasonable and excessive force to effect his arrest in violation of the Fourth Amendment of the United States Constitution. Haflich also seeks to impose Section 1983 liability against the City of Troy under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Finally, Haflich advances claims for assault and battery under Montana law.

Haflich's claims emanate from the undisputed fact that McLeod tased

Haflich once in the ribcage with an X 26 taser in "stun-drive" mode. Haflich seeks compensatory damages for injuries he allegedly sustained as a result of the tasing. Specifically, Haflich asserts he suffered physical injury in the form of pain and permanent scarring as well as mental anguish and emotional distress.

Defendant McLeod moves in limine for an order precluding Haflich from presenting evidence, testimony, or argument that he sustained physical and emotional injuries as a result of the tasing. McLeod's motion is grounded in the assertion that Haflich has failed to identify any expert medical testimony supporting his claim that he suffered injury as a result of the tasing.[1] Having considered the merits of the parties' respective arguments, the Court finds that McLeod's motion is properly granted in part and denied in part as detailed below.

## II.   Discussion

The determinative issue, as framed by the parties, is whether as a matter of law, Haflich has to present expert medical testimony to sustain his burden of proving he suffered physical and emotional injuries as a result of the tasing. As a

---

[1] The Court notes that the principal sub-heading in McLeod's brief states that the Court should exclude evidence and testimony "regarding Haflich's alleged 'long term' physical and mental injuries." Dkt. 86, at 5. Review of the text of the brief, however, reflects that McLeod's motion is actually much broader and seeks to preclude the introduction of any evidence or testimony that Haflich sustained injury as a result of the tasing.

general proposition, expert witness testimony is necessary only where the subject matter is "beyond the common knowledge of the average lay person." *United States v. Hanna*, 293 F.3d 1080, 1086 (9th Cir. 2002) (quotation omitted).  Phrased differently, expert testimony is not necessary absent the existence of "specific evidence that was so technical or complex that a jury could not have grasped it without the aid of experts." *Torres v. Johnson Lines*, 932 F.2d 748, 751 (9th Cir. 1991).  Consequently, expert testimony is unnecessary in those situations where jurors are "as capable of comprehending the primary facts and drawing correct conclusions from them as are witnesses possessed with special or peculiar training." *Salem v. United States Lines Co.*, 370 U.S. 31, 35 (1962) (internal quotation marks omitted).

In order to properly apply these principles in the context of this case, it is essential to distinguish Haflich's claim of emotional injury from his claim of physical injury.

### A.  Mental and Emotional Injury

Mental and emotional distress are compensable under Section 1983, even in the absence of physical injury.  *Carey v. Piphus*, 435 U.S. 247, 264 (1978); *Memphis Community School District v. Stachura*, 477 U.S. 299, 307 (1986) (compensatory damages under Section 1983 may be based on injuries such as

"personal humiliation" and "mental anguish and suffering").

The Ninth Circuit has explained that emotional distress damages, being subjective in nature, can be based entirely on an appropriate inference from circumstances: "While objective evidence requirements may exist in other circuits, such a requirement is not imposed by case law in ... the Ninth Circuit or the Supreme Court." *See Chalmers v. City of Los Angeles*, 762 F.2d 753, 761 (9th Cir. 1985) (upholding emotional damages based solely on testimony); *Johnson v. Hale*, 13 F.3d 1351, 1352 (9th Cir. 1994) (noting that emotional damages may be awarded based on testimony alone or appropriate inference from circumstances); *Carey,* 435 U.S. at 264, (noting that emotional distress damages are "essentially subjective" and may be proven by reference to injured parties' conduct and observations by others); *Zhang v. American Gem Seafoods, Inc.,* 339 F.3d 1020, 1040 (9th Cir. 2003) (quoting *Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 513 (9th Cir. 2000) (citation and parallel citations omitted)).

Thus, a plaintiff's testimony standing alone may support a claim of emotional distress caused by a constitutional violation. *Chalmers*, 762 F.2d at 761. Haflich need not, as argued by McLeod, present expert testimony to sustain his claim that he has experienced emotional distress caused by the alleged

excessive use of force by McLeod against him.[2]

The Court recognizes that the Ninth Circuit has held that expert medical testimony establishing a causal link must be presented when drawing a particular conclusion that requires specialized knowledge. *Claar v. Burlington Northern Railroad Co.*, 29 F.3d 499, 502 (9th Cir. 1994). The rule discussed in *Zhang* and *Passantino,* however, is based on the notion that a jury is perfectly capable of assessing a plaintiff's subjective testimony of emotional distress – collectively understanding such human emotions as anguish, embarrassment, anxiety, and humiliation – without the assistance of expert testimony.

While Haflich can present his subjective testimony as to the emotional distress he has allegedly experienced, he may not present his lay opinion testimony that his emotional injury is permanent in nature. Whether any emotional injury suffered by Haflich may reasonably be expected to be permanent in nature is not something that would be reasonably apparent to a layperson. Thus, any opinion by

---

[2] The Federal Rules of Evidence also govern the admissibility of evidence with respect to Haflich's pendant state claims of assault and batter over which the Court exercises supplemental jurisdiction under 28 U.S.C. § 1367(a). It is only in the rare circumstance where a state rule of evidence is "'intimately bound up' with the rights and obligations being asserted" that state evidentiary rules would control." *Wray v. Gregory*, 61 F.3d 1414, 1417 (9th Cir. 1995)(quoting *Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 78 (1938)). Montana law does not impose a severity requirement when emotional distress is pled as an element of damages in a tort. *Jacobsen v. Allstate Ins. Co.*, 215 P.3d 649, 82-83 (Mont. 2009).

Haflich as to permanency of the injury would not be admissible under Federal Rule of Evidence 701 because the opinion would call for expertise not possessed by Haflich.

For the reasons set forth, McLeod's motion is denied to the extent it seeks to preclude Haflich from presenting his subjective testimony regarding the emotional distress he has purportedly experienced as a result of the tasing. The motion is, however, granted to the extent Haflich may not present lay opinion testimony as to the permanency of his emotional injury.

### B. Physical Injuries

Haflich also alleges the tasing caused him to suffer pain in his side and scarring. He also claims to have suffered both headaches and shortness of breath for an extended period of time. McLeod again contends that Haflich should be precluded from introducing any testimony or evidence regarding his alleged physical injuries because he has failed to offer any expert medical testimony establishing that those injuries were caused by the tasing. Haflich responds that the physical injuries he alleges are of such a nature that the connection would be obvious to a lay person.

A plaintiff need not present expert testimony where special expertise is not required to enable a jury to make a causal inference. *Claar*, 29 F.3d at 504 (citing

*Gallick v. Baltimore & O.R., Co.*, 372 U.S. 108 (1963), and *Lavender v. Kurn*, 327 U.S. 645 (1946)).  A causal relationship between an act and a claimed injury can reasonably be inferred by a person where it is readily apparent that the injury is either an immediate and direct, or the natural and probable result, of the act.  *See Bleek v. Supervalu, Inc.*, 95 F.Supp.2d 1118, 1121 (D. Mont. 2000) (applying Montana law); *Watson v. Montana*, 2006 WL 1876891, *19 (D. Mont. 2006) (applying Montana law).  Where the causal connection would not be obvious, expert testimony is necessary to establish both causation and permanency.

It is not entirely clear what subjective testimony Haflich intends to offer at the time of trial with regard to his claimed physical injuries.  Certain general aspects of McLeod's motion in limine may, however, be addressed on the present record.

The X 26 taser even in stun-drive mode is designed to cause some level of pain.  Haflich can present his subjective testimony as to the direct and immediate pain and shortness of breath he contends he suffered at the time of the tasing.  The tasing and any pain or shortness of breath experienced by Haflich are so closely connected that a lay person could reasonably infer a causal connection.  McLeod is, of course, free to challenge Haflich's subjective testimony through cross examination and the presentation of expert testimony.  In this same vein, Haflich may testify that he suffered scarring as a result of the tasing if that testimony is properly corroborated by objective evidence of scarring.  The jury will be

completely competent to assess Haflich's credibility as well as any expert testimony presented by McLeod.

Haflich's subjective testimony that the headaches and shortness of breath persisted after the tasing is a matter of a different ilk.  Testimony by Haflich that the tasing caused him to experience headaches and shortness of breath – after the incident of tasing or for an extended period of time – presents issues regarding the physiological effect the deployment of the X 26 taser in stun-drive would have on a human.  The causal connection between the tasing and any extended physiological responses presents a matter that is beyond the common knowledge of the ordinary lay person.  Because specialized knowledge is required to establish a causal link between the tasing and the physical injuries claimed by Haflich, opinion testimony by Haflich on the issue of causation and permanency would not be admissible under Federal Rule of Evidence 701.

DATED this 10th day of January, 2011.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge