

**FILED**

JAN 21 2011

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| ALFRED JOHN HAFLICH, | ) | CV 09-161-M-DWM-JCL |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| OFFICER ROBERT MCLEOD, in his official and individual capacities, and THE CITY OF TROY POLICE DEPARTMENT, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Alfred Haflich brought this action alleging Defendant Robert McLeod, a police officer with the City of Troy, Montana, is liable under 42 U.S.C. § 1983 for excessive use of force in violation of Haflich's Fourth Amendment rights. Defendant City of Troy filed a motion for summary judgment on the §

1

1983 claim advanced against it by Haflich. The City contends it is entitled to judgment as a matter of law because Haflich has failed to establish that McLeod's alleged violation of his Fourth Amendment rights can be attributed to the enforcement of a City policy, practice, or decision of a final policymaker, an essential element of municipal liability under Monell v. Department of Social Services, 436 U.S. 658, 694 (1978).

United States Magistrate Judge Jeremiah Lynch entered Findings and Recommendation (dkt #99) in this case on December 29, 2010. Judge Lynch determined that Haflich has raised genuine issues of material facts, and has identified sufficient evidence on which a reasonable jury could conclude the City engaged in, or implemented a custom or practice of deliberate indifference to the excessive force employed by McLeod in violation of the Fourth Amendment. However, Judge Lynch further determined that Haflich has failed to present sufficient evidence to support his theory of recovery based on ratification.

The parties did not timely object and so have waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court reviews the Findings and Recommendation for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed."

2

United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000).

I find no clear error with Judge Lynch's Findings and Recommendation.

IT IS HEREBY ORDERED that the Findings and Recommendation (dkt #99) are adopted in full;

IT IS FURTHER ORDERED that Defendant City of Troy's Motion for Summary Judgment (dkt #80) is GRANTED with respect to Haflich's ratification theory, and DENIED in all other respects.

Dated this 21st day of January, 2011.

_____
Donald W. Molloy, District Judge
United States District Court